### BLOODGOOD vs. CLARK and others.

Upon an appeal from a decree or order of a vice chancellor, the appeal must be decided upon the papers which were read or used before the court below; and where a question arises upon the hearing of the appeal as to what papers were before the court below, if such papers are not referred to in the order or decree appealed from, resort must be had to the minutes of the clerk, and to the papers marked by him as read, to ascertain what papers were read or used before the vice chancellor.

Where a party opposing a motion, or petition, has papers to read in opposition thereto, and the application is decided in his favor upon the opening of the case, on the papers of the adverse party, if he desires to have the benefit of his papers, in opposition to the application, upon an appeal from the decision, or wishes to be allowed therefor upon the taxation of his costs, he should have such papers entered in the minutes of the court below, and marked as read.

Where original papers are used in opposition to an application which is denied, the party using such papers must file them, so that the adverse party may obtain copies thereof.

Upon a creditor's bill, for the purpose of reaching the property of the defendant after the return of an execution unsatisfied, it is a matter of course to appoint a receiver of the defendant's property, if the equity of the bill is not denied upon the hearing of the application.

It is not a sufficient answer to the application for a receiver, upon a creditor's bill, that the defendant has not yet answered the bill, or that he denies that he has any property.

Where the defendant, in a creditor's bill, is restrained by injunction from collecting his debts and disposing of property which is liable to waste, it is the duty of the complainant to apply for the appointment of a receiver.

This was an appeal from the decision of a vice chancellor, denying an application, on the part of the complainants, for the appointment of a receiver of the property and effects of the defendants, upon a creditor's bill filed against them. Upon the hearing of the appeal, the counsel for the respondents, in addition to the papers furnished by the appellant, as required by the rules of the court, offered to read certain affidavits which had not been used, or marked as used, or filed with the clerk, upon the hearing of the motion as to which the appeal was brought. It appeared by the affidavit of the respondents' solicitor that the affidavits were drawn and sworn to previous to the hearing of the motion before the vice chancellor, for the purpose of being used in opposing that application; but that it became unnecessary to use them, as the complainant's motion was denied upon his own statement and papers. The appellants' counsel objected to the reading of these affidavits, upon the hearing of appeal; but the chancellor reserved the decision of the question, at that time, and permitted the affidavits to be read.

*J. L. Wendell,* for the appellants.

*J. Ellsworth,* for the defendants.

The Chancellor. The affidavits on the part of the defendants, which were not read before the vice chancellor, do not materially vary the rights of the parties, as the material facts in the complainant's bill are not denied. Neither is it

1834.

Bloodgood
v.
Clark.

sworn that the aggregate amount of the property and effects of the defendants does not exceed one hundred dollars. But as the question has been raised, it is proper that I should express an opinion upon the right of the respondents to use these affidavits on the appeal. The appeal must be decided upon the same papers and facts which were before the vice chancellor at the time of making the decree or order appealed from. And if a dispute arises upon the appeal as to what papers were before the court below, and such papers are not particularly specified or referred to in the order, resort must be had to the minutes of the clerk, and to the papers marked by him as read, to ascertain what papers were read or used there. Each party, therefore, should be careful to see that all affidavits, depositions and other papers which he wishes to have considered as before the court below, are entered in the minutes of the court, or marked as read. Where the application is denied upon the opening of the case, on the papers of the party making such application, if the adverse party has papers to be read, in opposition to the motion, and desires the benefit thereof on an appeal from the order denying the motion, or wishes to be allowed therefor on the taxation of costs, he should ask to have them entered in the minutes, and marked as read in opposition to the motion. And if they are original affidavits, or other papers which are not already on the files of the court, he should also cause them to be filed ; so that the other party may obtain copies thereof, to be furnished to the court on the appeal. These affidavits not having been filed with the clerk of the vice chancellor, or entered or marked as read on the motion, are not regularly before me on the present appeal.

The vice chancellor was wrong in supposing that a receiver could not be appointed, in a case of this kind, until after the defendants had put in their answer. By the ancient practice of the court of chancery in England, a receiver was not appointed until after the coming in of the defendant's answer. This practice appears to have been first broken in upon by Lord Apsley, in the case of *Compton* v. *Bearcroft*, in 1773. And Lord Kenyon, the master of the rolls, appointed a receiver, before answer, in the case of *Vann* v. *Barnett*, in 1787. (2

*Brown's Ch. Cas.* 157.)   He said that although a motion for a receiver before answer was then unusual, yet had it been necessary he would have made a precedent.   And it now appears to be well settled, both here and in England, that a receiver may be appointed before answer, provided the complainant can satisfy the court that he has an equitable claim to the property in controversy, and that a receiver is necessary to preserve the same from loss.   In these cases of creditors' bills, where the return of the execution unsatisfied pre-supposes that the property of the defendant, if any he has, will be misapplied, and entitles the complainant to an injunction in the first instance, it seems to be almost a matter of course to appoint a receiver, to collect and preserve the property pending the litigation.   And where the sworn bill of the complainant shows that he has an equitable right to all the funds and property of the defendant, to satisfy his debt, if the right of the complainant is not denied by the defendant, in answer to the application for a receiver, there can be no good reason why the complainant should not have a receiver appointed, to preserve the property from waste or loss.   Indeed this court has already declared that it is the duty of a complainant, who has obtained an injunction, upon such a bill, restraining the defendant from collecting his debts, or disposing of property which might be liable to waste or deterioration, to apply to the court and have a receiver appointed without any unreasonable delay.   (*See Osborn* v. *Heyer,* 2 *Paige's Rep.* 343.) It is no sufficient answer to such an application to say there may not be any property to protect; as the complainant proceeds at the peril of costs, if there is no property.   And if there is nothing for the receiver to take, the defendant cannot be injured by the appointment.

The order of the vice chancellor must be reversed.   And it must be referred to a master to appoint a receiver, with the usual powers of receivers upon creditors' bills.