BROWNING and another *vs.* BETTIS & GARROW.

The mere denial, on oath, of a defendant, in a creditor's bill, that he has any property, is no answer to an application for the usual order for the appointment of a receiver. And where such defendant, in his answer, admits he has certain property but denies that he has any other, the order for the delivery of his property must be general ; and should not be confined to the property which he admits to belong to him, and to be in his possession or under his control.

The order for the appointment of a receiver, upon a creditor's bill, where the defendant does not consent that his examination before the master shall be a substitute for an answer, as provided by the 191st rule, only authorizes the complainant to examine the defendant on oath, before the master,

in relation to the property which he is ordered to assign and deliver over to the receiver.

The object of the examination of the defendant in a creditor's bill, upon the usual order for the appointment of a receiver, is not to obtain an answer to the complainants' bill, nor is it to elicit evidence to sustain the suit. But it is merely to procure and compel the delivery to the receiver of all the property and effects, either legal or equitable, which the defendant has in his possession or under his control; to abide the final decree in the cause. And the rights of the complainant to examine the defendant before the master, as to such property, are the same where the defendant answers the bill as where he suffers it to be taken as confessed; except where the defendant has given a stipulation under the 191st rule.

The complainant in a creditor's bill cannot reach the salary, or compensation, which is to become due to the defendant at a future time, for the performance of services which had not been completed at the time of filing the bill; where the defendant would have no legal or equitable right to demand payment for the services already performed, in case he should thereafter neglect to complete the services which had not been rendered at the time the complainant's bill was filed.

But where all the services, to entitle the defendant to his salary or compensation, have been rendered at the time of filing the complainant's bill, such salary or compensation may be reached by the creditor ; although it had not become actually payable when the bill was filed.

THIS was an appeal from an order of the vice chancellor of the fifth circuit appointing a receiver upon a creditor's bill. The bill, among other things, sought to reach the compensation of the defendant Bettis, as an assistant to Garrow, the marshal of the northern district of New-York, in taking the sixth census. On the day for which the application for a receiver was noticed Bettis put in his answer, denying that he had any property, things in action, or equitable interests, except two promissory notes and a few articles of personal property mentioned in his answer. He also denied that there was any thing due to him, as assistant to the marshal in taking the census, at the commencement of this suit ; as he had not at that time completed the census and made a return thereof to the marshal, as required by law to entitle him to compensation for his services. The vice chancellor directed Bettis, the judgment debtor, to execute to the receiver a general assignment of all the property, equitable interests, or things in action which he owned, or possessed, or was entitled to, at the time of

filing the complainants' bill ; but he restricted the order, as to the delivery of the property to the receiver, to the two notes, and the articles of personal property admitted by the defendant, in his answer, to be in his possession or under his power and control. The vice chancellor also limited the examination of the defendant and of witnesses, before the master, to the specific property thus directed to be delivered over to the receiver. From that part of the order which contained such restriction and limitation the complainants appealed,

*C. P. Kirkland,* for the appellants.

*Julius Rhoades,* for the respondent.

THE CHANCELLOR. From the opinion of the vice chancellor in this case, it appears probable that he was misled by the supposed admission of the counsel for the complainants, that where there was an answer by the defendant in a creditor's bill admitting the existence of certain property, but denying that there was any other, the receiver, as a general rule, was only to take into his possession the property thus admitted to belong to the defendant ; unless, upon special cause shown, the court should order other property to be taken into the possession of the receiver for the purpose of preserving it pending the litigation. If it was proper to restrict the order in this manner, as to the delivery of the property to the receiver, it follows of course that the examination of the defendant and of witnesses, before the master, must be limited in the same way. For the only object of the examination of the defendant or of a witness, in such a case, is to ascertain whether the defendant complies with the order of the court in delivering over his property to the receiver. Indeed, if the judgment debtor is only to be required to deliver over to the receiver such property as he admits by his answer to be within his power or control, the examination of himself or of any witness before the master would be an unmeaning

ceremony, and would create unnecessary and entirely use-less trouble and expense.

The proper form of the order in such a case was settled by this court in *Hopkins* v. *Wemple and others*, in October, 1838, upon appeal; which case, I believe, was not reported. There the vice chancellor had allowed an order, for the examination, as broad in its terms as that which is author-ized, by the 191st rule of this court, where the defendant consents that his examination before the master shall be a substitute for the whole discovery sought for by the bill. But the order was modified so as to direct the judgment debtor to assign and deliver over to the receiver on oath, all his property, equitable interests, and things in action which he had at the time of the commencement of the suit, and which were in his possession or under his power or control; and he was required to submit to an examination before the master to the same extent. But this court de-cided in that case, as it had often before done, that the complainant had no right to examine the defendant as to matters which were not relevant to the subject of the re-ference, to wit, the assignment and delivery over of the property in his possession or under his control; although he might have been required to answer as to such matters, if charged in the bill, on an order of reference under the 191st rule. This also was in conformity with the opinions expressed in the cases of *Fitzhugh* v. *Everingham*, (6 *Paige's Rep.* 30,) and of *Gihon* v. *Albert & Shaw*, (7 *Idem*, 278.) The object of the examination in such a case is not to obtain an answer to the bill, nor is it to elicit evi-dence to enable the complainant to sustain his suit; but merely to procure and compel a delivery to the receiver of all the property and effects, either legal or equitable, which the defendant has in his possession or in his power or control, to abide the final decree in the cause. The rights of the complainant to examine the defendant before the master as to such property, therefore, are the same, whether the defendant has answered the bill or has suffered it to be taken as confessed for want of an answer; except

in the case of an examination as a substitute for an answer, under the provision of the 191st rule.

In the present case, the answer put in by the defendant on the same day the motion for a receiver was made, and where the complainants had no opportunity to except to the same for insufficiency, could only be used as an affidavit in opposition to the motion. And it has repeatedly been decided that the mere denial, by the defendant, that he has any property, is no answer to an application for the usual order to appoint a receiver in a creditor's suit. The order in this case must therefore be modified accordingly.

But the complainant had no right to reach, by this bill, the compensation to which the judgment debtor might thereafter become entitled, under the laws of the United States, when he should have completed the census and made a return thereof to the marshal. In the case of *Carr* v. *Kirby*, which came before this court upon an appeal from a decision of the vice chancellor of the first circuit, and was decided here on the 7th of March, 1837, the complainant in a creditor's suit was permitted to reach the salary of a school-master, which had been wholly and completely earned, by the performance of all the services required to entitle him to the same, before the filing of the bill ; although by the terms of the agreement with his employers the salary was not payable until four days afterwards. In that case, the court decided that the quarter's salary was an existing debt at the time of the filing of the bill, though payable *in futuro*. But in the subsequent case of *Woodworth* v. *Gillespie*, (*In Ch. 7th May*, 1839,) this court decided that a creditor's bill could not reach a compensation to become due to the defendant at a future time, for the performance of services not yet completed, and where he would have no legal or equitable right to demand payment for the services performed at the time of filing of the bill, in case he should thereafter neglect to complete *the services which had not then been rendered.*

The present case comes directly within the principle of this last decision ; as the defendant Bettis would have no

legal or equitable right to demand any compensation what-
ever for what he had already done towards taking the cen-
sus, as an assistant to the marshal, if he should neglect to
go on and complete his returns as directed by law.   By
the terms of the statute, under which Bettis was acting, he
was required to post up copies of the schedules before he
made his return to the marshal ; and his compensation for
his services in taking the census was made to depend upon
the number of the persons returned by him.   Until he had
posted up such copies, and made his return of the census of
his district to the marshal, he was not entitled to any com-
pensation whatever for any thing he had previously done.
The bill in this case, therefore, cannot reach the compen-
sation to which Bettis may be entitled, if he completes the
census as required by law.   And by the provisions of the
195th rule, he will be entitled to receive such compensa-
tion and apply the same to the support of himself or his
family, or to defray the expenses of this suit, notwithstand-
ing the injunction ; as it is positively sworn, that the ta-
king of the census was not completed at the time of the
commencement of the suit.   To prevent any possible doubt
or misconstruction of the order appealed from, in this re-
spect, it must be so modified as to exempt the compensa-
tion to which Bettis would be entitled for his services in
taking the census, which had not been completed at the
time of the commencement of this suit, from the operation
of the order of assignment and from the injunction ; so that
he may go on and earn such compensation, by completing
the services, if any, which are yet to be performed in or-
der to entitle to him to his pay.

As the mistake into which the vice chancellor fell in this
case probably arose from the erroneous concessions of the
counsel on both sides, as to the extent of the usual order
for the delivery of the property to the receiver where an
answer was put in, which necessarily led to a restriction of
the right to examine the defendant and the witness to the
same extent, it does not appear to be a proper case to charge
the respondent with costs.   No costs are therefore to be

1841.

Browning
v.
Bettis.

allowed to either party on this appeal.   The order as modified is to be remitted to the vice chancellor and carried into effect in the court below.