## MYRES' CASE.

*Supreme Court, First District; Special Term, March,* 1856.

SUPPLEMENTARY PROCEEDINGS.—APPOINTMENT OF RECEIVER.

On application for the appointment of a receiver upon proceedings supplementary to execution, the judgment debtor cannot object to the appointment on the ground that the examination has not shown him to be the owner of any property.

Application for the appointment of a receiver.

DAVIES, J.—Proceedings supplementary to the execution have been taken in the case, and the examination having been completed, the plaintiffs now move for the appointment of a receiver. It is objected that it does not sufficiently appear that the defendant is entitled to any property which the receiver would be authorized to take.

It is well settled that the proceedings under this chapter are a substitute for a creditors' bill, as recognized and well known under a former system of chancery practice, and are in their nature equitable proceedings. (Sale *v.* Lawson, 4 *Sandf. R.,* 718).

The rules established governing these cases under the Chancery practice, so far as they have not been changed by the Code, are obligatory and ought to be followed.

I regard it as beyond all doubt, that on a creditor's bill, such a motion as is now made would have been granted under the old system, and I am not able to see any reason why the same rule should not be adhered to under the present.

In Bloodgood *v.* Clark, (4 *Paige,* 574), Chancellor Walworth says, " It is no sufficient answer to such an application to say there may be no property to protect, as the complainant proceeds at the peril of costs, if there is no property. And if there is nothing for the receiver to take, the defendant cannot be injured by the appointment." To the same effect is the case of Browning *v* Betts, (8 *Paige,* 568).

So also the case of Fitzhugh *v.* Everingham, (6 *Paige,* 29).

In that case Chancellor Walworth says : " In cases of this kind as the defendant is enjoined from interfering with the property himself, he can have no honest motive in resisting the appointment of a receiver. For if he has property it is for his interest that it should be preserved during the litigation, and if he has none, there will be nothing for the receiver to do, and the complainant must pay the costs of the appointment." In this case the defendant is enjoined and restrained from making any transfer or other disposition of his property or from any interference therewith. I am at a loss to perceive how he is to be prejudiced, upon the statements made that he has nothing, if a receiver is appointed. If the view taken by the plaintiffs of the state of facts proved is correct, then the plaintiffs have a deep interest in such appointment. In any event it is too well settled to be now questioned, that the plaintiffs have the right to such receiver, and one must accordingly be appointed.

Let an order be entered, appointing Thomas H. Barlow receiver, on giving security in the sum of $500. And let the defendant attend and execute an assignment of all his property, debts, and effects, which he had on February 4th, 1856, the day the injunction order in this suit was served. The defendant will hereafter be at liberty to apply to the court for costs, if the plaintiffs obtain nothing in this proceeding.