## WEBB *a.* OVERMANN.

*Supreme Court, First District ; Special Term, December,* 1857.

SUPPLEMENTARY PROCEEDINGS.—APPOINTMENT OF RECEIVER.

Where, upon examination upon supplementary proceedings, the debtor discloses
the possession of choses in action, or the existence of a relation—*e. g.* partner-
ship—which renders it probable that he may have assets, a receiver should be
appointed, even though the debtor deny that the property disclosed is of any
value.

*It seems*, that in all cases where the creditor enjoins the debtor from disposing of
or interfering with his property, a receiver should be appointed irrespective of
the question whether there is such property or not.

Motion for the appointment of a receiver in proceedings sup-
plementary to judgment.

The facts sufficiently appear in the opinion.

DAVIES, J.—In this case judgment has been recovered against
the defendant, upon which an execution has been issued, and
returned unsatisfied.

The defendant has been examined on an order, and discloses
property, which consists of notes, &c., of an insolvent firm, of
which he had been a member, and an interest in a firm now
existing, of which he is a member. He alleges that the latter
interest is of no value.

A proceeding under this chapter is a substitute for a creditor's bill, and is in its nature an equitable proceeding (Sale *v.* Lawson, 4 *Sandf.*, 718). The practice, therefore, prevailing in the late Court of Chancery, in suits upon creditors' bills, is properly applicable to these proceedings, so far as the same has not been changed by the Code. In this case the defendant, as a defendant in a creditor's bill, is enjoined from any interference with his property. The rules which have governed the Court of Chancery since the adoption of the Revised Statutes, and this court, since the powers of that have devolved upon it, in relation to the appointment of receivers, were fully and clearly laid down by Chancellor Walworth in Bloodgood *v.* Clark (4 *Paige*, 575). He says : " In these cases of creditors' bills, where the return of the execution unsatisfied, presupposes that the property of the defendant, if any he had, will be misapplied, and entitles the complainant to an injunction in the first instance, it seems *almost a matter of course* to appoint a receiver, to collect and preserve the property pending the litigation. * * * Indeed, this court has already declared that it is the duty of a complainant, who has obtained an injunction upon such a bill, restraining the defendant from collecting his debts, or disposing of property which might be liable to waste or deterioration, to apply to the court and have a receiver appointed without any unreasonable delay. (See Osborne *v.* Heyer, 2 *Paige*, 343.) It is no sufficient answer to such an application to say there may not be any property to protect ; as the complainant proceeds at the peril of costs, if there is no property. And if there is nothing for the receiver to take, the defendant cannot be injured by the appointment."

The case of McCormick *v.* Kehoe (7 *N. Y. Leg. Obs.*, 184) is inapplicable. That was a proceeding to order property of the defendant to be applied in satisfaction of the plaintiff's judgment ; and the court properly held, that as there was nothing *due* to the defendant, it could make no order to apply ; that the plaintiff had no lien on the moneys claimed to be due the defendant.

The other case, of The People *v.* Pease (9 *How. Pr. R.*, 97), cited by defendant's counsel, seems to be an authority in favor of the exercise of the power of appointment. The court in that case say that where there is no dispute as to the ownership, and

the *money* in the defendant's hands is clearly his, no receiver is necessary, and none should be appointed, as in that case the proper order is to pay the money, or apply it directly in satisfaction of the judgment. This was the chancery practice before the Code. (*Ed. on Receivers*, 8.) But where the title of the defendant is disputed (as in the present case), the proper course would have been, not to order it to be applied to satisfaction of the judgment, but to make an order restraining the defendant from paying it over to any person, and to appoint a receiver.

In this case it seems to me eminently proper that a receiver should be appointed to take charge of the defendant's property and effects, and also to collect in all that may be due to him. If there is nothing due to him from the copartnership mentioned, the receiver's efforts to collect any thing from that source will be fruitless. If there is any thing due, it is the right of the plaintiff to have it collected, and applied towards the payment and satisfaction of his debt. At any rate, it is his right to ascertain that fact, and it can only be done through the agency of a receiver.

The motion for the appointment of a receiver is therefore granted.