## SUPREME COURT.

JOHN LENT agt. JOHN McQUEEN and others.

Where the plaintiff shows a judgment perfected, and an execution issued thereon, and return unsatisfied in due form of law, it is a matter of course, on his application, to reach the equitable property of the defendant, to appoint a receiver. And a plaintiff should always make such an application when he has obtained an injunction against the judgment debtor, to protect the property and effectuate his lien.

On such an application, the court cannot go behind the judgment and execution, to consider the merits of the judgment, in any respect.

*Monroe General Term, December,* 1857.
*Present,* JOHNSON, WELLES *and* SMITH, *Justices.*

APPEAL from an order made by Justice GREENE, at the Genesee circuit, directing a reference for the appointment of a receiver.

The action was a creditor's suit upon the return of an execution unsatisfied. The defendant resisted the appointment of the receiver, on the ground that the judgment was confessed to secure a contingent liability by indorsing upon a bill of exchange which had not yet matured, and that therefore, nothing was yet due to the plaintiff.

JAMES WOOD, JR., *for appellant.*
MR. BISSEL, *for plaintiff.*

By the court—E. DARWIN SMITH, Justice. Upon the return of an execution against the property of a defendant, on any judgment at law, or upon a decree in equity, the plaintiff has the right to institute a suit to reach the equitable property of the defendant. This is the creditor's bill of the late court of chancery, and is a proceeding in equity in this court, and is to be governed by the same rules and principles which formerly were applied to such suits when the courts of law and equity were distinct.

If the plaintiff shows a judgment perfected, and an exe-cution issued thereon, and return unsatisfied in due form of law, it is a matter of course to appoint a receiver in such cases. And a plaintiff should always make such an application when he has obtained an injunction against the judgment debtor, to protect the property and effectuate his lien.

On such an application, the court cannot go behind the judg-ment and execution. This was so held expressly in *Sandford* agt. *Sinclair*, (8 *Paige*, 373;) *S. C.*, (3 *Edwards*, 393;) *Hine* agt. *Woolsey*, (289.) Chancellor WALWORTH, in the case of *Sand-ford* agt. *Sinclair*, says : " If the plaintiff proceeded irregularly in issuing execution in the supreme court or in procuring its return, the defendant should have applied to that court to set aside the execution or the return for irregularity. All that is proper for this court to do, is to stay the suit here until such application can be made to the court of law."

Whether the plaintiff was entitled to issue the execution in this case, before his liability became fixed by the protest of the bill of exchange for its non-payment by the acceptor, or be-fore it had in fact been paid by the plaintiff, were questions which can only be raised by motion at special term. The application for the appointment of receiver could not be resisted by any objections of this kind. The order at special term was clearly right, and should be affirmed, with $10 costs.