ALEXANDER T. STEWART and others *v.* MARY E. FOSTER.

A judge should not, on supplementary proceedings, by a summary order, require trustees, who hold a trust fund of the debtor, to apply future income accruing therefrom to the payment of the judgment.

When in such proceedings the existence of a trust fund is disclosed, the judge should appoint a receiver to bring an action against the debtor and the trustee, to compel the application of any accruing income to the payment of the judgment, and should enjoin the trustee from paying over any of the moneys arising from the fund to the *cestui que trust*, for a time sufficient to enable the receiver to bring such an action.

The necessity of a suit for such purpose has not been dispensed with by the Code. By it, all the rights of the parties can be protected, the amount necessary for the support of the *cestui que trust* can be ascertained, and, by an injunction issued pending the suit, the rights of the judgment creditor can be preserved until a final adjudication can be had.

*It seems* that the provisions of the Code, for proceedings supplementary to execution, are limited to reaching property of the debtor, whether in his possession, or in the possession of others for him, and which is conceded to be his; also money due to the debtor when the order is obtained and served.

But when property or money appears to belong to him, but is in the hands of others who make claim thereto, it should be reached through a receiver.

APPEAL by defendant from an order in proceedings supplementary to execution. In December, 1856, the plaintiffs recovered judgment against the defendant for $3,031.01. Execution

was issued thereon and returned unsatisfied, and proceedings supplementary to execution were thereupon commenced. On the examination of the defendant, it appeared, among other things, that her father had died, leaving her, by his will, $30,000, which was in the hands of Anthony Hoguet and Andrew C. Getty as trustees. She testified that she had only received $1,200 per annum therefrom; that she did not know whether the trustees received any more, and that she had no regular accounts with them. Mr. Hoguet was examined, and testified that he was a member of the firm of Hoguet & Boel; that the trust funds were in their hands, subject to call, for the purpose of investment at any time; that he had made up quarterly accounts at 7 per cent. interest, which he had regularly paid to the defendant or her order; but he was unable to give a special account of the payments without reference to his books.

Upon this examination, an order was made at chambers that said Anthony Hoguet pay to the plaintiffs or their attorney, out of the income accrued, or thereafter to accrue, from the trust moneys, the amount of the judgment with costs and interest, after paying the defendant the sum of eight hundred dollars per annum, that sum being adjudged sufficient for her support. And the defendant was enjoined from receiving, and the trustee was enjoined from paying, any larger sum to the defendant out of the income arising from the trust fund, than the sum of eight hundred dollars a year, until the judgment had been satisfied. From this order the defendant appealed.

*G. C. & E. J. Genet*, for the appellants. I. In supplementary proceedings, the court cannot order a third person to apply to the payment of the judgment moneys to become due on a contingency. *McCormick* v. *Kehoe*, 7 Leg. Obs. 184. II. The late Court of Chancery was authorized to compel the discovery, &c., of property held in trust for the debtor, *except* where such trust had been created by, or the fund so held in trust proceeded from, some person other than the defendant himself. 2 R. S., § 42, p. 353 (4th ed.). And see 2 Barb. Ch. Pr. p. 592. These pro-

visions are still in force, and unaffected by the Code. III. This income of the defendant cannot be taken by her creditors. The Revised Statutes authorize express trusts: 1st, to receive the rents and profits of lands, and apply them to the use of any person during their natural life; 2d, to receive the rents and profits, &c., and *accumulate them*. 2 R. S., § 55, p. 137 (4th ed.). Limitations of contingent interests in personal property are made subject to the same rules as real estate. 2 R. S., § 2, p. 84 (4th ed.); 8. Paige, 87. And the person beneficially interested in the income is prohibited from assigning it. Previous to these provisions of the statute such an interest was assignable, and could, therefore, be reached by a creditor's bill. *Green* v. *Spicer*, 1 Russ. & My. 305; *Piercy* v. *Roberts*, 1 My. & Keen. 4; *Snowden* v. *Dale*, 6 Sim. 524. But since the legislature has made this income inalienable, it cannot be reached by creditor's bill. To allow this would be to defeat the intention of the legislature, and to allow a party to accomplish indirectly what he is forbidden to do directly.

*Henry Hilton*, for the respondents. I. Supplementary proceedings under the Code are a substitute for the former creditor's bill. *Sale* v. *Lawsen*, 4 Sandf. S. C. R. 718; *Porter* v. *Williams*, 5 How. Pr. R. 441. II. Were this a trust of real property, under the provisions of chapter 1, article 2, title 2, of part 2, 1 R. S. 727, entitled, "Of uses and trusts," § 57, subd. 3, §§ 57, 63, although the interest of the *cestui que trust* could not be aliened under § 63, yet, under § 57, the surplus, "beyond the sum that may be necessary for the education and support of the person for whose benefit the trust is created, shall be liable in equity to the claims of the creditors of such person in the same manner as other personal property, which cannot be reached by an execution at law." Upon its being determined that the sum of $800 per annum was sufficient for such support and maintenance, all the *residue* of such income is liable in equity to be applied to the claims of creditors. *Hallett* v. *Thompson*, 5 Paige, 586; *Degrau* v. *Clason*, 8 ibid. 140; *Lamereaux* v. *Van Rensselaer*, 1 Barb.

Ch. R. 34, 37 ; *Bryan* v. *Knickerback r*, ibid. 427. III. The trust is of personal property, *not subject to any of the provisions* or restrictions of the Revised Statutes *relating to trusts of real property ;* the interest of the defendant therein is unrestrained, *is alienable by her*, and, like any other property which cannot be reached by execution, is liable in equity to be applied to the payment of the claims of judgment creditors. 1 R. S., 773, § 2 ; *Clute* v. *Bool*, 8 Paige R. 85 ; *Kane* v. *Gott*, 24 Wend. 641 and *post ; Bryan* v. *Knickerbacker, supra ; Leggett* v. *Perkins*, 2 Comst. 297, 322 ; Code, §§ 297, 298, 302.

INGRAHAM, FIRST JUDGE.—There is nothing, in the evidence in this case, which shows that the trust created in the hands of Hoguet & Getty, as trustees for the benefit of the defendant, was not created by herself, and that the whole fund was not liable to her debts.

Supposing, however, that the trust was required by the will of the defendant's father, then, secondly, it appears that the annual income was $2,100, of which the defendant has received only $1,200, and no explanation of the disposition of the residue is shown. It is true the trustee Hoguet says the amount was paid over quarterly, but the defendant states as positively she has not received it.

There is ample room for an order for the appointment of a receiver, to collect whatever amount remains unpaid of such income, whether in the hands of the trustees or of any other persons.

Thirdly, I am of the opinion that the proceedings, to reach the income to accrue under the trust, cannot be taken under those contemplated by the provisions of the Code supplementary to execution. Those proceedings are, I think, limited to reaching the defendant's property in his possession, or in the possession of others, but which is conceded to belong to the debtor, and money due to the debtor, when the order is obtained;—by a direct order; and to reach also property of the debtor, or money in the hands of others, to which they make a claim; through a receiver. But

when a creditor would compel the application of the accruing income of a debtor from a trust fund to the payment of his debts, then the proper course of proceeding is by an action against the debtor and trustee (*Bramhall* v. *Ferris,* 4 Kernan, 41), in which all the rights of the parties can be protected and the amount necessary for the support of the *cestui que trust* can be properly ascertained. The statute contemplates suits in equity for that purpose. The Code has not substituted supplementary proceedings in its place. An action is still necessary, and an injunction in such an action could properly protect the creditor until the facts necessary to a correct adjudication were ascertained.

I think the order at chambers should be modified so as to order the appointment of a receiver, and to restrain the defendant from receiving, and Hoguet from paying, any of the interest which accrued from the trust funds prior to the 15th April, 1857; and also restraining the trustees from disposing of the trust fund in any way to the injury of the plaintiffs, for a time sufficient to allow the receiver to commence an action against the trustees, to compel an application of such trust fund to the payment of the plaintiffs' judgment, and that the residue of the order appealed from should be vacated.

Ordered accordingly.