HENRY BARNARD, Respondent, *v.* WILLIAM A. KOBBE et al., Appellants.

A factor is bound to assume that his principal is the owner of goods consigned to him for sale, and his allegiance is alone due to his principal. He cannot justify a refusal to pay over the proceeds of such sale upon the ground that the same have been seized by virtue of an attachment against a third person, or that they have been paid over in pursuance of an order in proceedings supplementary to execution in an action against such third person, of which the principal had no notice.

To authorize an order under section 297 of the Code, directing the application of property to the payment of a judgment, the property must belong to the judgment debtor. If another party claim an adverse interest in it, the question must be determined by an action. (§ 299.)

Plaintiff consigned to defendants (auctioneers and commission merchants) certain goods to be sold on his account; they were sold on a credit of four months, and an account was rendered; payment of the avails was demanded and refused. Defendants attempted to justify the refusal upon these facts: An attachment against one A. was served by the sheriff upon defendants, with a notice thereon that he attached the proceeds of all property consigned to them by B. (the plaintiff), as the property of A. Judgment was entered against A., and upon an affidavit stating on " information and belief " that defendants had property of the judgment

debtor, an order was issued requiring them to appear and answer. Defendant K. appeared and was examined. He testified to the consignment of the goods by plaintiff, the sale and the amount of the proceeds, the demand by plaintiff and the service of the attachment. An order was thereupon made directing defendants to pay over the proceeds, which they did. These proceedings took place before the time of credit had expired, and plaintiff had no notice of them. No proof was given that the goods belonged to A. *Held,* that the title of plaintiff was not affected by the attachment or order, that the order was without jurisdiction and void, and that defendants were liable.

(Argued September 19, 1873; decided January term, 1874.)

APPEAL from judgment of the General Term of the Court of Common Pleas for the city and county of New York, in favor of plaintiff, entered upon an order denying motion for a new trial, and directing judgment on a verdict.

This action was brought to recover the proceeds of certain goods consigned to plaintiff by defendants for sale. The facts appear sufficiently in the opinion. At the close of the evidence the court directed a verdict in favor of plaintiff, which was rendered accordingly. Exceptions were ordered to be heard at first instance at General Term.

*H. F. Pultzs* for the appellants. After the service of the attachment, defendants had no right to pay the money over to plaintiff. (Code, §§ 232, 463; 26 How. Pr., 75; *Renchy* v. *Stryker,* 31 N. Y., 140.) The proceedings supplementary to the execution and the payment over of the money is a defence to this action. ( *Wells* v. *Thornton,* 45 Barb., 390; *Gibson* v. *McCowan,* 37 N. Y., 555; *Bliven* v. *H. R. R. R. Co.,* 35 Barb., 191; Ang. on Car., § 387 *a;* 1 Duer, 85, and cases cited; Redf. on Rways., §§ 441, 149; 10 N. Y. Leg. Ob., 216; 7 Cow., 278; 9 Wend., 327.) The justice was authorized in ordering the payment of the money by defendants to the judgment creditor. (Code, §§ 294, 297; 45 N. Y., 637.)

*Mr. Benedict* for the respondent. A bailee cannot set up as against a bailor that a third party has a better title to the

property. (*Marvin* v. *Elwood*, 11 Paige, 365 ; *Vosburgh* v. *Huntington*, 15 Abb., 254; Edwards on Bail., 305, 306.) A bailee is only excused from restoring the property by showing that it was taken from him by due process of law, by one having a paramount title, or that the bailor's title had terminated. (*Bliven* v. *H. R. R. R. Co.*, 35 Barb., 191; Story on Bail., §§ 120, 264, 582; *Bates* v. *Stanton*, 1 Duer, 79; *Willis* v. *Thornton*, 45 Barb., 390.) Due process of law imports a suit, trial and judgment according to the established and usual mode of contesting individual rights. (*Taylor* v. *Porter*, 4 Hill, 140 ; *Power* v. *Bergen*, 6 N. Y., 358, 368.) The order under which defendants paid over the money was not such due process of law as would protect them. (*Willis* v. *Thornton*, 45 Barb., 390.) Defendants assumed the legality of the proceedings and are bound to show their validity for their protection. (*Wilmerding* v. *Fowler*, 45 How. Pr., 142.) The jurisdiction of the court to order service by publication depends upon the existence of the fact upon which the order is asked for. (*Fiske* v. *Anderson*, 33 Barb., 71.) To authorize an order that property of a judgment debtor, either in his own hands or in the hands of a third party, to be applied in satisfaction of judgment, it must be property conceded to be his. (Code, § 299; *Stewart* v. *Foster*, 1 Hilt., 505 ; *Rodman* v. *Henry*, 17 N. Y., 482.)

Reynolds, C. Prior to May 16th, 1868, the plaintiff consigned to the defendants, auctioneers and commission merchants in the city of New York, certain property for sale at auction, on his account, on the usual terms as to guarantee and commission. On or about the date above named, the defendants sold a portion of the goods consigned, on a credit of four months, and rendered their account, showing an indebtedness to the plaintiff of $1,329.84. On or about the 23d of May, 1868, the defendants sold the remainder of the goods on a like credit of four months, and rendered an account showing a further indebtedness to the plaintiff of $637.61. Payment of these sums was duly demanded by

the plaintiff, and the payment refused. The defendants attempted to justify their refusal to pay upon the following state of facts :

On the 23d of May, 1868, an action was commenced (or attempted to be) in the name of Peck & Schalhoof, plaintiffs, against Emanuel M. Arnstien, defendant; and he being a non-resident, an attachment in the usual form was issued against his property, and on the day last named delivered to the she-riff of the city and county of New York and served upon the defendants with a notice " attaching all the property, moneys, etc., in their possession or under their control, standing in the name of the defendant, Emanuel M. Arnstien, and the pro-ceeds of all property consigned to them by one H. Barnard, as the property of said Emanuel M. Arnstien, the same being, by order of Henry F. Pultz, attorney for the above named plaintiffs." On the 17th of July, 1868, before the time for the defendant Arnstien, as is conceded, had expired, a: judgment was entered against him for $4,128.70. On the same day that judgment was entered, an execution was issued to the sheriff of New York ; and on the 3d of August, on the affidavit of Pultz, the plaintiff's attorney, stating the judg-ment and execution in the action, and that he was " informed and believes" that the defendants have property of the judg-ment debtor exceeding ten dollars, an order was made by Mr. Justice BARNARD requiring the defendants to appear before him and answer concerning the same. The defendant Kobbe, pursuant to this order, was personally examined on the 11th of August, 1868, and testified to the consignment of the goods by the plaintiff, for sale, and that they had been sold, and that the proceeds of the property so consigned and sold was $1,967.45. He also testified to a demand made upon him for the money, both by the plaintiff in this action and his attorney ; that certain of the cases of goods consigned had on the inside of the covers the words " E. M. Arnstien, Chicago, Illinois," and that the defendants had been served with an attachment in the suit of *Peck & Schalhoof* v. *Arnstien.* Upon this examination Judge BARNARD made an order dated

.August 13th, 1868, that the defendants pay the money in their hands, as the proceeds of the goods consigned to them by the plaintiff, and it is said that this order was obeyed by the defendants and the money paid in pursuance of its direction. It is to be observed that all these proceedings took place before the term of credit upon which the plaintiff's goods were sold had expired, and that the plaintiff had no notice of the same until after his right of action, if he had any, had accrued against the defendants.

Upon the trial of this case no proof was offered or given to show that the property in question was that of Arnstien, or that the defendants had any reason to suspect that it was his, further than was disclosed by the attachment and the order of Judge Barnard, under which the proceeds are said to have been paid to Peck & Schalhoof. The defence, therefore, entirely rests upon the attachment granted by Mr. Justice Ingraham and the order to pay by Mr. Justice Barnard. The defendants, in the first instance, as factors, were bound to assume that the plaintiff was the owner of the goods consigned for sale, and that their allegiance was alone due to him. If the goods belonged to the plaintiff it is very clear that any attachment against Arnstien could not, in the remotest degree, affect his right or title; and the defendants did not, on the trial, attempt to show that their consignor was not the true owner; and I think this may be said, if the affidavit on which the attachment was granted tended to show that the property was that of Arnstien. The rights of the plaintiff could not be in such manner affected. The judgment in the suit of *Peck & Schalhoof* v. *Arnstien* was unquestionably irregular and voidable, but we are not, perhaps, at liberty to assume it absolutely void; and in the view we take of the case it is not necessary to consider the question; but it may be suggested that as the jurisdiction of the court granting the attachment depended upon the fact that the defendant Arnstien had property within the State, an allegation of the fact in an *ex parte* affidavit, " upon informa-

tion and belief," would prove nothing, as has been very often and very properly adjudged.

But the defendants are said to have paid the money to Peck & Schalhoof upon the order of Judge BARNARD in a proceeding supplementary to execution against Arnstien. If this in fact was done, the defendants are chargeable with unusual diligence in paying over the money before it was due, for the four months' credit upon which the sale was made had not expired when the order of Judge BARNARD was issued. But if this diligence may be excused, it is still difficult to see how the defendants have discharged their obligation to the plaintiff. They, as factors, received and sold his property, rendering him the account of sales. They never gave him any notice that his title to the property or proceeds was questioned, and yet they assume to defend his action against them on the ground that they have paid the proceeds of the sale of his property to a stranger upon an order made by Mr. Justice BARNARD.

Without now considering how far an irregular judgment, obtained in a proceeding where an attachment has been issued, may be made the foundation of supplementary proceedings under the Code of Procedure, it is sufficient to say that Judge BARNARD had no jurisdiction to grant the order he made, and which the defendants are supposed to have obeyed. To authorize an order under section 297 of the Code, the property to be applied to the payment of the judgment must belong to the judgment debtor. If any other party claims an adverse interest in it, the question must, by the very terms of the statute, be settled in an action to be tried according to the ordinary forms of law. Enough appeared upon the examination of Kobbe to show, either that Arnstien had not even *prima facie* title to the money, or that the plaintiff claimed an interest in it. In either case the order was made without authority of law. (*Stewart* v. *Foster*, 1 Hilton, 505; *Rodman* v. *Henry*, 17 N. Y. R., 482.)

The judgment should be affirmed, with costs.

All concur. Judgment affirmed.