BEEBE V. KENYON.

*Supplementary proceedings — debtor of judgment debtor — Contempt — validity of assignment cannot be tried in — proceeding for.*

Upon the examination of B., a debtor of a judgment debtor, under Code, § 294, B. admitted that he was indebted to the judgment debtor, but it afterward appeared that before the proceedings were instituted the judgment debtor had assigned to another person his claim against B. *Held* (1), that B. was not in contempt for refusing to pay to the judgment creditor the amount of his indebtedness, and (2), that the validity of the assignment could not be tried in the proceeding mentioned.

APPEAL by Newton S. Briggs from an order at the special term adjudging appellant to be in contempt, and from an order denying a motion to vacate an order of Mr. Justice LAWRENCE. The orders were made in supplementary proceedings, instituted by Allen H. Beebe and another against John S. Kenyon, upon a judgment in favor of said plaintiffs and against said defendant. Upon an examination had in said proceedings, appellant admitted that he was indebted to the defendant in the sum of $275.44, and an order was made by Mr. Justice LAWRENCE, directing appellant to pay that sum to plaintiffs. Appellant not complying with such order he was adjudged to be in contempt. Other material facts sufficiently appear in the opinion.

*Erastus New,* for appellant.

*Beebe, Wilcox & Hobbs,* for respondent.

Beebe v. Kenyon.

LAWRENCE, J. At the time that the order was made directing Briggs to pay over to the plaintiffs the sum of $275.44, it appeared from his examination that he admitted that he was indebted to the judgment debtors in that amount. The order was therefore proper when made.

When the motion to punish for contempt came on to be heard, it appeared that long prior to the making of the order for the violation of which it was sought to punish Briggs, the defendant had absolutely assigned all his interest in his claim against him. Briggs at the hearing on the motion to punish for contempt, moved, on the affidavits read in opposition to that motion, as I infer from the recitals in the order appealed from, to vacate the original order directing him to pay over. This was denied and an attachment was directed to issue.

It seems to me that the motion of Briggs to vacate the order to pay over should have been granted. The defendant having assigned the claim against Briggs long prior to the proceedings against him, on which the order was based, there was no indebtedness to the defendant on the part of Briggs. The indebtedness was to the defendant's assignees. The order to pay over will be of no avail in any action which may be brought by the assignees of the defendant against Briggs. It will be no defense to him. Under these circumstances, Briggs having disclaimed any intentional disrespect to, or disobedience of the order of the court, directing him to pay over, it would be harsh in the extreme to enforce the original order and to impose a fine upon him.

We cannot, on this motion, try the question of the validity and good faith of the alleged assignment by the defendant. That can only be done by a receiver. For the purposes of this motion the assignment must be deemed to be valid. *Barnard* v. *Kobbe,* 54 N. Y. 516; *Rodman* v. *Henry,* 17 id. 482.

The order appealed from should be reversed, without costs, and the order directing the payment over by Briggs should be vacated, the plaintiff to be at liberty to apply for the appointment of a receiver at the chambers of the court.

*Ordered accordingly.*