Freedman, J.
A tenant for life is bound to pay the taxes and the interest upon the incumbrances, out of the rents received by him from the demised premises, whilst the owner of the fee (the remainder-man) must pay the assessments thereon, and also the principal of the incumbrances. Assessments are imposed upon the remainder-man because, although they are special taxes, they are deemed to be levied for benefit accrued to the estate in consequence of a public improvement.
Thus, equity apportions the burdens upon the land between the tenant for life, who has the present enjoyment of the property, and the remainder-man, whose right of enjoyment is postponed until the death of the life-tenant (Carnes v. Chaubert, 3 Edw. Ch. 312; Cogswill v. Cogswill, 2 Id. 231; Bloodgood v. Bloodgood, 4 Paige, 574; Pelk v. Sherwood, 56 N. Y. 615; Fleet v. Dorland, 11 How. Pr. 489).
The duty resting upon the tenant for life to keep down the taxes does not rest upon the theory that there ought to be an equitable division of the charges upon the land between the several owners of the fee of the land. He is bound to pay them, even if he does not own any portion of the fee.
Thus, a tenant by the courtesy, who is not interested in the fee, must keep down the taxes.
So if a lot of land is assigned to a widow for her dower, although she has only the present enjoyment of the land, yet she must pay the taxes.
Nor does this obligation on the part of the tenant for life rest in covenant, express or implied, but it is an incident to the estate, and it must be discharged, even if it exhausts the whole of the rents (4 Kent's Com. 74, 82).
Life is uncertain, and if the life-tenant were permitted to appropriate to his own use the rents for a series of years, the result would be that at his death *518 the entire burden of the taxes would be thrown upon the remainder-man.
To prevent this manifest injustice, whenever it is made apparent that the life-tenant is neglecting his duty in this respect, a court of equity will interfere and appoint a receiver to collect the rents and apply them in such manner as shall be just and fair as between the life-tenant and the remainder-man (Carnes v. Chaubert, 3 Edw. Ch. 312).
Upon the papers submitted on this motion a clear case has been made out within the principles and authorities referred to, for the appointment of a receiver of the rents and profits of the premises of which Mary King died seized. This includes the premises described as Nos. 182 and 184 Madison street, and 21 Pell street, but does not include 101 Monroe street.
For the purposes of this motion the taxes accrued prior to the death of Mary King are to be treated as incumbrances on the estate, and for the non-payment of such as were imposed since that time the defendant must be held responsible. But suitable provision should be made for the speedy payment of all of them.
Plaintiff’s motion for the appointment of a receiver is granted. If the parties cannot agree as to the form of the order to be entered, they may appear before me and be heard as to its settlement.