By the Court.—Sedgwick, Ch. J.
The plaintiffs, as principals of their agents and factors, E. & C. Stokes, had a right to recover the proceeds of the sale of their goods in the hands of the defendants, who made the sale as brokers of E. & C. Stokes, subject to such equities as existed between the factors and the brokers. ■ The learned counsel for the defendants made on .the argument a suggestion to the contrary, based upon the case of Hall v. Lauderdale (46 N. Y. 70). The suggestion, however, omitted to notice that in the ■case cited the defendant was not liable to any one who occupied the position of plaintiffs’ agent.
This right to recover did not exist, if the defendants, before notice that plaintiffs owned the goods, had disposed of the proceeds, in a manner that was justified by the relations between the defendants and plaintiffs’ factor.
Before the defendants had paid over the proceeds, they received notice that the plaintiffs owned the goods, and that they were the principals of their agent, the factor. From that time, the plaintiffs proceeded to deal with the proceeds at their own risk.
In this case the notice was sufficient. Upon receiving it the defendants did not dispute its correctness or ask any proof of its declarations. They were contented to say that they had not before heard the names of the plaintiffs in connection with the transaction. In *241 the nature of the case and from the letters of the fac_ tors to them, they must have known that the factors had principals, although at first undisclosed. There was, too, a general admission in the case, that before ■defendants had paid over the proceeds, they had received notice of plaintiffs’ claim.
The service of the order of attachment does not avail the defendants. If the money had been paid over, under the attachment, it would have been necessary to examine if the payment were justified ; but in fact, the defendants did not act under the stress of the attachment proceedings, the money being paid under the order in the proceedings supplementary to execution. That order was based upon the position that the defendants voluntarily assumed that the debt they owed was to E. & S. Stokes, the defendant in the action. After the notice, they were bound to know that the debt was due to the present plaintiffs. They chose to act as if their obligation was only to the party who had given them the order to sell, and not at all to that party’s principal. They should not have admitted their indebtedness to E. & 0. Stokes, but ' should have testified according to the fact that they had received notice of the principal’s rights. That would have taken the case out of section 297 of the Code of Procedure. By that section, it must appear that the property to be applied to the satisfaction of the judgment, is the property of the judgment debtor. It would have appeared that there was doubt as to the ownership of the property, at least, and the order would not have been made. There being no notice to plaintiffs, the court would not have adjudicated as to their rights in their absence (Barnard v. Kobbe, 54 N. Y. 516; citing Stewart v. Foster, 1 Hilt. 505; Rodman v. Henry, 17 N. Y. 482).
I am, therefore, of opinion, that the plaintiff is entitled to recover from the defendants the amount of the *242 proceeds of the three hundred and twenty-nine bales, less such amount as the defendants showed was chargeable to those proceeds. The proof on the trial sufficiently showed that the brokerage and expenses of sale, of this particular lot, in the amount of $274.84, were proper charges, and that amount, with interest, should be deducted from the verdict. There was no evidence that the charges in the account, in respect of other property, should be borne by the proceeds in question. It did not appear that the goods in question had induced any credit in respect of the other charges.
The exceptions should be overruled, and judgment on the verdict, reduced in amount, as has been indicated, should be entered, without costs of this motion to either side.
Truax, J., concurred.