(39 Misc. Rep. 657.)

DEASE v. REESE.

(Supreme Court, Special Term, New York County. January, 1903.)

1. SUPPLEMENTARY PROCEEDINGS—RECEIVER.
   Though the examination of a judgment debtor in supplementary proceedings disclosed no property, the judgment creditor is entitled to have a receiver of the property appointed.

2. SAME—FUTURE EARNINGS.
   A judgment creditor cannot reach future earnings of his judgment debtor.

3. SAME—PROPERTY SUBJECT
   A receiver in supplementary proceedings is entitled to the interest of the judgment debtor, a pilot, in the funds of an organization of licensed pilots, evidenced by a certificate of membership.

Action by George W. Dease against Thomas J. Reese. Judgment for plaintiff. Application on the examination of the judgment debtor in proceedings for the appointment of a receiver. Granted.

George C. d'Arcy, for plaintiff.
Lindsay, Kremer, Kalish & Palmer, for defendant.

FITZGERALD, J. Application by judgment creditor upon the examination of a judgment debtor in supplementary proceedings for the appointment of a receiver of the latter's property, with the usual powers, and with directions to said debtor "to assign his interest in the funds of the pilots' association to said receiver when appointed." Although the judgment debtor, who is a householder having a family to support, refers in his examination to different pilots' associations, yet the only one involved is evidently the United New Jersey Sandy Hook Pilots' Benevolent Association, an organization of licensed pilots; and, although his interest in the funds thereof is vaguely defined in his examination, it is specifically stated in his certificate of full-paid membership, the original of which is produced. This instrument, as explained by his examination, entitles him to draw and receive from the funds of the association (a) $25 monthly during the continuance of his membership; (b) a salary at the rate of $200 monthly while on actual service, the actual amount thereof being conditioned on the number of days' work actually performed by him; (c) a specified sick benefit of $100, or $75 monthly upon continued sickness or any calamity, for specified periods; (d) a pension of $75 monthly upon his retirement from active service upon reaching the age of 65 years. The payment of the sums specified in subdivisions "b," "c," and "d" is promised upon the condition that the net joint monthly earnings of the association should be sufficient to meet such payment in full; otherwise the amounts named therein shall be reduced proportionately. Furthermore, the certificate provides that,

¶ 2. See Execution, vol. 21, Cent. Dig. § 1104.

if he shall cease to be a pilot, except by retirement at his own option, his connection with the association shall terminate, and benefits connected therewith shall be surrendered, and the association shall be released from any liability under the certificate; and he shall accept in lieu thereof such a sum as shall equal that paid by him for his certificate, plus such further sum as he would have received if the undivided surplus earnings of the association, after deducting therefrom the current expenses of the United New Jersey Sandy Hook Pilots' Association, had been divided monthly among the members thereof during the continuance of the membership in proportion to the number of days' work done by each member entitled to a share of such surplus. In like manner it is again stated that a sum computed as in the foregoing provision shall, in the event of his death, be distributed as provided by his last will and testament, or in accordance with the statute of distributions of the state of New York. The examination discloses that the debtor originally paid $1,000 for the certificate in question by "working it out at the time of the organization"; that from the earnings of the pilots, members of the association, the expenses are reduced, and, if the balance is sufficient, each pilot is paid at the rate of $200 monthly, according to the number of days during the month he has worked. If a balance still remains, a portion is put into the fund for the building of steamboats for pilotage, which are the joint property of the association, and which are now two in number, of value unknown to the debtor; and, if any further sum then remains, it is equally divided among the men from time to time. At present the certificate is valued at $1,800.

The fundamental objection to a direction by the court, as requested by the judgment creditor, that the debtor "assign his interest in the funds of the pilots' association" to the receiver to be appointed, is that the certificate issued by the association, which constitutes the contract between the association and the debtor, and by which his interest in its funds is created and defined, provides that his "membership and the certificate thereof are not transferable or divisible in any manner or shape, nor available to any other person than the member," and only as specified in the certificate; and that they are subject to the conditions of the articles of association and amendments thereof. It is evident from an examination of the provisions of the certificate that it is both the purpose and the right of the association, as expressed in the contract of membership, to keep its membership composed exclusively of pilots; and the membership of the debtor in the association is dependent upon and contemporaneous with his service as a pilot, his connection with the association terminating, and all rights thereunder being surrendered, if he should cease to be a pilot in any manner other than by his retirement from active service at the age of 65 years. The court cannot and should not, by directing the debtor to assign his interest in the association, interfere with the purpose of the association, or impair the rights expressed in the contract of membership, by admitting to a share of the benefits a person other than a pilot, against the expressed prohibition of the certificate of membership; and again, it should not direct a judgment debtor to make an assignment, which, by the

terms of his contract with others, it is impossible for him to make without violation to or impairment of the contractual rights of those other persons. Columbian Institute v. Cregan, 11 Civ. Proc. R. 87, and cases cited. Furthermore, while it is true that, although membership in the association and interest in its funds are dependent upon continued service as a pilot, the right to act as pilot is not conditioned upon membership in this association, yet if, as it is probable, all the pilotage is done by members of this association, and if the direct or indirect consequence of an order by this court to the debtor to assign his interest in the association would be to interfere with the future pursuit of his vocation, which is clearly necessary for the support of himself and his family, such a direction should not be made. See Tripp v. Childs, 14 Barb. 85. Finally, the interest of the debtor in the association partly consists of his right to receive for his future services a salary at the rate of $200 monthly, and to have reserved for him his proportionate share of the future undivided surplus earnings of himself and his associate members; and to this interest, so far as it is represented by his right to future salary and to a share of future net earnings, the title of a receiver could not attach, and the direction that the same be assigned to a receiver would be improper. Browning v. Bettis, 8 Paige, 568; Stewart v. Foster, 1 Hilton, 505; Potter v. Low, 16 How. Prac. 549; Gerregani v. Wheelwright, 3 Abb. Prac. (N. S.) 264; Merriam v. Hill, 1 Wkly. Dig. 260; Woodman v. Goodenough, 18 Abb. Prac. 265; Tolles v. Wood, 16 Abb. N. C. 1; Caton v. Southwell, 13 Barb. 335; Albright v. Kempton, 4 Civ. Proc. 16; Columbian Institute v. Cregan, supra; Dubois v. Cassidy, 75 N. Y. 298. Any order for the assignment or delivery of the property of the judgment debtor should, therefore, if made, be general. Browning v. Bettis, 8 Paige, 568. It may, however, be contended that a receiver of the judgment debtor should not be appointed because no property has been disclosed; for the certificate of membership in question states that its contents shall not be "construed as constituting any property or estate which can be mortgaged or pledged for the payment of debts, or as giving any legal right to collect, sue, or demand any payment whatsoever, but shall be construed as the expression of the solemn intention of the members of the association to make the voluntary payments specified, and not as a joint or several liability of the association or its members for the payment of any sum whatsoever." While, as it is said in the note to De Vivier v. Smith, 6 Civ. Proc. R. 394, 396, the practice is not to appoint a receiver unless some property has been disclosed, yet the authorities uniformly declare the right of the judgment creditor to the appointment of a receiver, irrespective of the fact whether or not the examination indicates the existence of property. Lent v. McQueen, 15 How. Prac. 313; Myres' Case, 2 Abb. Prac. 476; Webb v. Overmann, 6 Abb. Prac. 92; Bloodgood v. Clark, 4 Paige, 574; Fitzburgh v. Everingham, 6 Paige, 29; Browning v. Bettis, 8 Paige, 568; De Camp v. Dempsey, 10 Civ. Proc. R. 210. Again, the examination indicates that there may be bills for pilotage made by the debtor prior to the date of the service of the order for his examination, and not yet collected, and to which the

title of a receiver might attach. If they consisted of moneys earned within 60 days prior to said date, that fact does not appear, and to secure the exemption arising from that fact it was the debtor's duty to prove the fact. Finally, notwithstanding the language of the certificate, it seems to me that the debtor has a vested interest in its funds, although subsequent events, for which the debtor could not hold the association or its members liable, may render the interest of no value. At the time of the service upon the judgment debtor. of the order for his examination, which is the date upon which the title of the receiver would vest, the judgment debtor, by his previous service, had earned moneys, which, if he elected by resigning or withdrawing, or if he was expelled, or his license as a pilot was revoked, would not only then become immediately due and payable, but which were then capable of absolutely accurate computation, being the sum paid for his certificate, viz., $1,000, and the additional sum which he would have received if the undivided surplus earnings of the association, after the deduction of current expenses, had been divided monthly among the members during the continuance of his membership to said date, in proportion to the number of days' work done by each member entitled to a share of such surplus. If the motion for a receiver were denied, and if the restraint upon the judgment debtor, which must be inserted in the order appointing a receiver (People ex rel. Morris v. Randall, 73 N. Y. 416), were not imposed, the debtor at any future time, or by his voluntary act of withdrawing from the association, or upon his expulsion, or upon. the revocation of his license as a pilot, would be enabled to receive the aforesaid sums free from the just claims of his creditors, although, as far as the rights of the debtor are concerned, they were due and capable of definite ascertainment as of the date when the title of receiver would vest. As was said in Browning v. Bettis, supra, "where all the services, to entitle the defendant to his salary or compensation, have been rendered at the time of filing the complainant's bill, such salary or compensation may be reached by the .creditor, although it had not become actually payable when the bill was filed." As an indication that a receiver may be appointed, and may maintain an action upon an instrument when the judgment debtor has a vested interest therein, see Masten v. Amerman, 51 Hun, 246, 4 N. Y. Supp. 681. For the above reasons the motion for the appointment of a receiver must be granted, and the usual general order therefor must be made.

Motion granted.