### RYAN v. WAGNER.

(Supreme Court, Appellate Division, Second Department.  February 24, 1911.)

EXECUTION (§ 405*)—SUPPLEMENTARY PROCEEDINGS—RECEIVER.

    The appointment of a receiver in supplementary proceedings is proper, though it does not appear that the judgment debtor has any property.

    [Ed. Note.—For other cases, see Execution, Dec. Dig. § 405.*]

Appeal from Special Term, Kings County.

Supplementary proceedings by Daniel Ryan, as administrator of Timothy Ryan, deceased, against Louis Wagner.  From an order denying a motion for a receiver, the creditor appeals.  Reversed.

See, also, 134 App. Div. 982, 119 N. Y. Supp. 1143.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

Charles E. Thorn, for appellant.

Edgar J. Treacy (Abram I. Elkus, on the brief), for respondent.

RICH, J.  The rights of the parties depend upon the determination of the question whether the judgment debtor has a vested estate or present interest in the estate of his deceased father.  We think it unwise, however, to decide that question in this proceeding, as the order must be reversed upon another ground.

The learned justice at Special Term based the denial of the motion upon the sole ground that there was no proof that the judgment debtor had any property, and hence the appointment of a receiver

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

would serve no purpose. We think the court was in error, for the reason that upon such an application it is not a condition precedent to the appointing of a receiver that it be made to appear that the judgment debtor has property which may be applied to the payment of the judgment, as was held in Dease v. Reese, 39 Misc. Rep. 657, 80 N. Y. Supp. 590.

The order must be reversed, with $10 costs and disbursements, and the motion for the appointment of a receiver granted.

JENKS, P. J., and THOMAS, J., concur. BURR and CARR, JJ., concur in result.