## McCoun and another *vs.* Dorsheimer and others.

The unearned salary or perquisites of an office are not reached by a creditor's bill, and its consequent injunction against the office holder.

A creditor's bill and injunction against an office holder, reaches so much of the salary and perquisites of the office as is earned and due at the time of filing the bill, but the after accruing salary and perquisites, though they are at a fixed rate, are to be considered in the light of subsequent earnings by the debtor, which he is not prevented from applying to his own support.

THE facts in this case will sufficiently appear from the Vice Chancellor's opinion.

*E. G. Spaulding*, for complainants.

*W. L. G. Smith*, for defendants.

THE VICE CHANCELLOR. It was stated on the argument that the bill in this cause was a creditor's bill in the common form, against the defendants, but I do not find among the papers left with me, either a copy of the bill or of the injunction issued upon filing it. Two propositions are now presented upon different motions.

1st. To dissolve the injunction issued upon the original bill, upon the coming in of Dorsheimer's answer. 2d. For leave to the complainants to file a supplemental bill and for an injunction.

The defendant, Dorsheimer, is post-master at the city of Buffalo, at a salary of $2,000 per annum, payable as the recipient shall choose to call for it, after it is earned. A part of Dorsheimer's perquisites are, also, the rent of the post-office boxes, which do not belong to him, but which are rented out at small

quarterly rents to persons in Buffalo, receiving letters through the post-office. The bill in this cause is against Dorsheimer and others as partners, for a partnership debt, and it appears from Dorsheimer's answer, that from five to seven days salary was due to him, at the time of filing of the bill, as post-master. It further appears that a judgment and execution against Dorsheimer, personally, existed against him, in favor of Miller, Case and Murdock. The supplemental bill charges that Dorsheimer is entitled to a quarter's salary, as post-master, and a quarter's rent of the post-office boxes, and prays that an injunction may be issued to restrain Dorsheimer from collecting such salary and rents, and that they may pass into the hands of a receiver, and that Dorsheimer may be restrained from collecting future salary and rents, beyond what is necessary to support his family, and that a master may determine what is necessary to support his family.

The statute in relation to bills of this character provides, (2 Rev. Stat. old ed. p. 173, Sec. 38,) that whenever an execution against a defendant at law, shall have been returned unsatisfied in whole or in part, the party suing out such execution may file a bill in Chancery against such defendant, and any other person to compel the discovery of any property or thing in action belonging to the defendant, and of any property, money or thing in action due to him, or held in trust for him, and to prevent the transfer of any such property, money or thing in action, &c. And by 39th section, the court has power to compel a discovery—prevent a transfer and decree satisfaction, &c. This is the foundation, by statute, of the jurisdiction of Chancery in these cases, which are com-

*Dec. 1839.*

*McCoun and another v. Dorsheimer and others.*

Dec. 1839.

McCoun and another v. Dorsheimer and others.

monly called creditor's bills. It is intended to reach concealed property, choses in action, debts due to the judgment debtor, and apply the proceeds to the satisfaction of a vigilent judgment creditor. The salary due, and rent due at the time of an injunction served upon such a bill, was unquestionably a chose in action, or debt due to the judgment debtor, and as such the receipt by the judgment debtor would be restrained by the service of the injunction, and would eventually go to the satisfaction of the judgment creditor. But such injunction would not operate upon the future salary or the salary earned and to grow due after the service of the injunction. It is not a debt or a chose in action at the time of filing the bill, and is not therefore reached by it properly under the provisions of the statute. Besides a construction is given to the operation of an injunction issued upon these creditor's bills by the 195 Rule, which declares that it shall not be construed to prevent the debtor from receiving and applying the proceeds of his subsequent earnings to the support of himself or his family, &c. The salary is, doubtless, a part of the subsequent earnings of the judgment debtor, and its receipt by the debtor, subsequent to the issuing and service of the injunction, is not, or should not be prevented by it. If the injunction in this case prevents such subsequent receipt of the defendant Dorsheimer's salary, it should be so far modified. But he has discovered some salary due at the time of the service, and as to that it cannot be dissolved. The claim of Miller, Case and Murdock, as judgment creditors against Dorsheimer, as an individual, cannot be recognised until they set it up themselves.

There is more question about the rent of the post-office boxes, though, upon reflection, I am inclined to think that these receipts must follow the same rule as the receipt of the salary. They are evidently mere perquisites of the office, and do not depend upon any property in the boxes. And I assume that an incumbent of an office has no *property* in such office, in this country, as would subject it or its unearned receipts or perquisites to the operation of a creditor's bill. It appears to me to be different, however, as to the earned receipts or perquisites of such an office; they become a debt due, after having been earned, and may be reached like any other debt by a creditor's bill.

Dec. 1839.

McCoun and
another
v.
Dorsheimer
and others.

The application of these principles will dispose of both the motion to dissolve the injunction, and the motion for leave to file a supplemental bill.

1. If the injunction issued upon the original bill restrained the defendant, Dorsheimer, from receiving his after accruing salary and rent of boxes, it must be modified so as to remove such restraint. It must, however, be deemed operative as to salary and rents earned but not paid at the time of the service of the injunction upon the original bill.

2. The complainants must have leave to file their supplemental bill, and must be allowed an injunction thereon, to restrain the defendant, Dorsheimer, from receiving or collecting so much of his salary and rent of boxes which has accrued subsequent to the filing of the original bill, and up to the time of filing the supplemental bill, as has not been received and paid out by him, but the injunction must have no larger scope. Costs of both motions to abide the further order of the court.