Caton *v.* Southwell.

———————•♦•———————

## CATON *vs.* SOUTHWELL.

13b      335
39 Mis  660

Where an order is made by a county judge, under § 292 of the code of 1849, requiring a judgment debtor to appear before a referee, to be examined as to his property, the judge has no right, upon the coming in of the report of the referee, to direct property acquired by the debtor *after the commencement of the proceedings* before the judge, and which he has already paid out to another creditor, to be paid to the judgment creditor, in satisfaction of the judgment and the costs.

APPEAL by the defendant from an order of the county judge of Livingston county. On the 28th day of January, 1850, Peter Caton, the respondent, recovered a judgment against the appellant, before a justice of the peace of Livingston county, for $26,18

damages, and 52 cents costs, in an action arising on contract. A transcript was filed in the county clerk's office of Livingston county, and judgment docketed therein July 20th, 1850. An execution against the property of the defendant was afterwards duly issued to the sheriff of Livingston county, in which county the defendant resided, and was returned wholly unsatisfied. Upon an affidavit of the foregoing facts, the county judge, on the 30th day of December, 1850, made the usual order, under section 292, of the code of 1849, requiring the judgment debtor to appear before A. A. Hendee, a referee, on the third day of December following, at his office, in Geneseo, to make discovery on oath concerning his property, &c.; and in the same order the judge forbade the transfer or other disposition by the judgment debtor of his property, &c. until further orders. On the third of December, the parties appeared before the referee, when the hearing was adjourned to the sixth of the same month, and then an examination took place in pursuance of the order.

It appeared from the defendant's examination under oath, that upon the commencement of the examination he had $44, which he had received since the order was served on him; a portion of which was for his earnings in his business of keeping tavern; and the residue for liquors, provisions, and provender for horses, with which he had furnished his guests. This $44 he paid out to a Mr. Bryant, a creditor, before the close of his examination. Of that sum he thought $3 was received for liquor; and of the balance, $9, for the use of the house; and the rest for meals, horse keeping and lodging. The liquor sold was from a quantity left with him by individuals, he to account to them, and pay them for what he sold. The tavern house was rented of Bryant, under an agreement, by which Bryant was to furnish the hay, oats, &c. The personal property in the house belonged to his mother, and sister and Bryant, except the liquors, and such other property as was exempt from execution; the defendant being a householder, having a family. The referee reported the examination showing substantially these facts; and the county judge, on the 9th day of December aforesaid, made an order directing the defendant to pay over to the plaintiff, *instanter*, the said

sum of $44, in satisfaction of the judgment and costs of the proceeding. From that order the defendant appealed to this court.

*James Wood, jr.* for the appellant.

*William H. Kelsey,* for the respondent.

The opinion of the court was delivered by WELLES, J. Under a creditors' bill, in the late court of chancery, the plaintiff could not reach the effects of the debtor which he had earned or acquired after the filing of the bill. (*Browning* v. *Bettis,* 8 *Paige,* 568. 2 *Barb. Ch. Pr.* 153. *M'Cam* v. *Dorsheimer,* 1 *Clarke,* 144.) If the debtor acquired property or rights in action, after the filing of the bill, it could only be reached in that suit by means of a supplemental bill. Section 297 of the code, authorizes the judge to order any property of the judgment debtor not exempt from execution, in the hands of himself or any other person, or due to the judgment debtor, to be applied towards the satisfaction of the judgment. The counsel for the respondent supposes that as this section is unqualified in terms, the intention of the statute was to change the rule, and to authorize the judge to direct the application to the creditor's demand of any property or choses in action which the debtor may have at the time the order is made, although it may have come to him after the proceedings before the judge were commenced. But we are inclined to think otherwise. Section 298, which immediately follows, provides that the judge may also, by order, appoint a receiver of the property of the judgment debtor, in the same manner and with the like authority as if the appointment were made by the court, according to section 244. That section declares that "until the legislature shall otherwise provide, the court may appoint receivers, and direct the deposit of money or other thing in court, and grant the other provisional remedies now existing, according to the present practice, except as otherwise provided in this act." This last recited section, we suppose, was intended, among other things, to authorize an

action in the nature of the former creditors' suit.    The summary proceedings before a judge, authorized by sections 292 to 302, inclusive, is a cumulative remedy, given to the creditor in cases where it is applicable, but to be administered upon the same principle, substantially, as in an action for the same end.    This seems to be obvious from a comparison of sections 298 and 244. If we are right in this respect, the receiver to be appointed under section 298, in view of the former rules and practice of the court of chancery, and of this court, under the present constitution, in equity suits before the codes, would not take any property or effects of the debtor, acquired by him after the application to the judge for the order under section 292 ; and it would be imputing an inconsistency to the legislature, to construe section 297, as extending farther, and embracing property or effects which could not be reached through a receiver under section 298.

In the present case, the money directed by the order appealed from, to be paid over to the creditor, was acquired by the debtor after the commencement of the proceedings before the judge, and was paid out by him to another creditor, before the order to pay it over to the respondent was made.    We think he had a right so to pay it ; and that the order of the county judge must be reversed.(*a*)

Order reversed.

[MONROE GENERAL TERM, March 4, 1851.    *Welles, Taylor* and *Johnson,* Justices.]

(*a*) Since the above decision, extensive amendments and changes have been made in the code of procedure.    By the amendments of July, 1851, the several sections examined and considered in this case have undergone material alterations.