MALCOLM CAMPBELL, RECEIVER, &C., OF MARY E. FOSTER v GEORGE C. GENET.*

A receiver appointed in proceedings against a judgment debtor supplementary to execution, acquires title only to the property and estate which belonged to the debtor at the time the proceeding was instituted by granting the order for his examination.

To entitle a set-off or counter claim to be allowed, it must be shown to be due to

---

* Judge HILTON, having been counsel in this case, took no part in its decision.

the defendant in his own right, either as the original creditor or as the assignee or owner of the demand set up.

A debt owing to the defendant jointly with another, cannot be set off in an action upon a demand against the defendant alone. A joint debt cannot be set off against an individual one.

A new trial will not be granted upon the ground of newly discovered evidence, where it appears that the existence of the evidence might, with reasonable diligence, have been ascertained at the time of the trial.

APPEAL from a judgment entered upon a report of Hamilton W. Robinson, Esq., referee; in favor of the plaintiff. The action was brought by the plaintiff, as receiver of Mary E. Foster, appointed by a judge of this court upon supplementary proceedings founded on a judgment, recovered against her in favor of A. T. Stewart & Co., for over $3,000. The complaint alleged that the defendant, acting as agent for Miss Foster, had received from the trustees, under her father's will, moneys which he had not paid over or accounted for, and asked to have the amount in his hands paid over to the receiver of her property, to be applied in extinguishment of her debt on the judgment. The answer denied that the defendant had received the amount alleged in the complaint, and set up, as an off-set against any balance in his hands, professional services as a lawyer, rendered by him in the management of her affairs.

The supplementary order, requiring the defendant to appear and be examined concerning her property, was granted April 15th, 1857. She appeared pursuant to it, submitted to an examination, and on June 9th, 1857, the plaintiff was appointed receiver of her property and effects. The referee found the following facts established at the trial before him:

"That the defendant, from time to time, between the fifth day of February, 1856, and the fourteenth day of May, 1857, received from Anthony Hoguet, trustee under the will of James Foster, Jr., deceased, of Mary E. Foster, and as her agent, the sum of thirty-eight hundred and seventeen dollars and eighty-two cents; that he had paid over to the said Mary E. Foster, or to and for her use and benefit, the sum of thirty-five hundred and thirty-three dollars and fifty-two cents, and that a balance of two hun-

dred and eighty-four dollars and thirty cents of said moneys so received by said defendant for the use and benefit of said Mary E. Foster, remained in his hands on the fourteenth day of May, 1857, the time of the commencement of this action. That the professional services mentioned and referred to in the answer, and for which the defendant sought to retain the moneys in his hands, were not rendered by the defendant, but by the firm of G. C. & E. J. Genet, of which the defendant was a member, and that he had not shown any individual right to recover therefor, or to retain any of said moneys for the payment or satisfaction of the claims of that firm for such services."

On this report, judgment was entered in favor of the plaintiff for $372.26, and the defendant appealed, making the following exceptions to the finding of the referee :

*First.* That the referee included in his finding an item of $100, on the 4th day of May, 1857, and an item of $306.82, on the 14th day of May, 1857, moneys of Miss Foster, which accrued to her, and were received by defendant subsequent to the order for the examination of Miss Foster on proceedings supplementary to execution under which the plaintiff was appointed receiver.

*Second.* That the referee had not allowed defendant the benefit of the claim of G. C. & E. J. Genet for services, as a defence to plaintiff's claim to moneys in his hands.  *Third.* That the finding of facts by the referee was contrary to the evidence.

*George C. Genet,* appellant, in person.

I. Proceedings supplementary to execution are a concurrent remedy with a creditor's bill. It is a cumulative remedy ; and the office of either is to sequester property belonging or money due to a judgment debtor, and which the debtor refuses to apply to the payment of a judgment debt. It is an equitable execution ; and the making and service of the order attaches the property or money to which it applies—the subsequent proceedings are those pointed out by the law—to convert the property thus levied on into money, and to apply it to the satisfaction of the demand. The Code expressly confines the proceeding to

money due or property belonging to the judgment debtor. § 297. Property and money acquired by the judgment debtor after the commencement of the proceedings, whether under the Code or a creditor's bill, do not pass to the receiver. *Caton* v. *Southworth*, 13 Barb. 337; *McCormick* v. *Kehoe*, 7 Legal Obs. 184; *Stewart* v. *Foster*, 1 Hilton, 505; *Campbell* v. *Foster*, 16 How. Pr. Rep. 275; 2 Barb. Ch. Prac. 153; *Browning* v. *Bettis*, 8 Paige, 572.

II. The referee should have allowed the counter claim set up in the answer. There was no reply, and consequently it must be taken as true. Code, § 168.

*Woodbridge Hudson*, for the respondent.

I. The title of the receiver is of the date at which it is ordered that a receiver shall be appointed. *Steele* v. *Sturges*, 5 Abbott Pr. R. 442; *Wilson* v. *Allen*, 6 Barb. S. C. R. 543; *Mann* v. *Pentz*, 2 Sand. Ch. R. 258.

II. The claim of G. C. & E. J. Genet for services rendered to the judgment debtor, was properly excluded by the referee. "There must be mutual debts to authorize a set-off." *Duncan* v. *Lyon*, 3 Johns. Ch. R. 351, and authorities there cited. "Joint and separate debts cannot be set off against each other. They must be due to and from the same persons in the same capacity." *Dale* v. *Cook*, 4 Johns. Ch. R. 15. "The debt of three cannot be set off against two." *McGillivray* v. *Simson*, 2 Carr & Payne, 430; 2 R. S. 354, § 13, sub. 2.

III. If the finding of the referee as to the facts, be in any particular incorrect, it is in allowing too great a credit to the defendant.

Thus, he has allowed the defendant the full amount of $1,500 for fifteen months' allowance to Miss Foster, when it appears that she received in checks, payable to her own order, during that time, on March 25, 1856, one hundred dollars, and on June 25, 1856, one hundred and thirty dollars, and on April 3d, 1857, to bearer, which undoubtedly went direct to her, one hundred dollars, making $1,830 in all during the fifteen months. Yet

the defendant herself testifies that she did not receive in all more than $1,200 a year. In other respects, the finding of the referee is correct. 1. The checks charged against the defendant were produced and proven on the trial. 2. The cash charged to him was admitted by him to have been received. 3. And the checks to Miss Foster's order are charged in Hoguet's account, *produced by defendant.* 4. The amount, $3,817.82, together with $138.30 paid for taxes, makes $3,956.12, the exact sum charged in the complaint.

By the Court, BRADY, J.—Supplementary proceedings were commenced against Mary E. Foster on the 15th of April, 1857. The plaintiff was, in those proceedings, appointed a receiver on the 18th of June, 1857. The debtor was entitled to the income arising from the sum of $30.000 under the will of her father, and the defendant had acted as her agent in collecting or receiving it for her from the trustee, Anthony Hoguet. The plaintiff alleged that the defendant had so received from Mr. Hoguet, between the 5th of February, 1856, and the 1st of May, 1857, the sum of $3,956.12, and had paid over to Miss Foster only $1,500, leaving in his hands belonging to her the sum of $2,456.12. The defendant proved various payments, and gave proof of a counter claim for services rendered. The referee rejected the counter claim, because it was not due to him in his own right, and allowed, in the account against the defendant, two payments made to him after the proceedings supplementary were commenced, and before the order appointing the plaintiff receiver was made, namely: $100 on 4th of May, 1857, and $306.82 on the 14th of May, 1857. The defendant objects to both these acts of the referee. The proof shows that the services upon which the set-off was based had been rendered by the firm of G. C. & E. J. Genet, of which defendant was a member, and there is no proof of the assignment of the interest of E. J. Genet to him, or of any authority thus to appropriate such interest. The referee very properly excluded the set-off for these reasons. The set-off must be due to the defendant in his own

right, either as being the original creditor or payee, or as being the assignee or owner of the demand. 2 R. S. 354, § 18, sub'. 2

It was said on the argument that this set-off or counter claim was set up in the answer, and that, not being denied by the plaintiff, it must be admitted to be due. The answer to that proposition is, that, assuming the defendant's conclusion on the pleadings to be correct, he has waived his advantage by going into the proof of the counter claim, and by such proof showing that it could not have been properly set off against the plaintiff's demand. In reference to the second objection, there is no evidence in this case showing that Miss Foster was not entitled to all the moneys received by the defendant on the 15th April, 1857, when proceedings supplementary were commenced. Mr. Hoguet testifies that he received, from Feb. 6, 1856, to May 1, 1857, the amount hereinbefore stated, but he does not state, nor does it anywhere appear in the case, that the money so received was not due on the 15th April, 1857. The defendant did not set up the defence that the payments to him, on the 1st and 14th May, 1857, were made after the supplemental proceedings were commenced, or that the moneys received by him on those days were not due to Miss Foster until after those proceedings were commenced, and has equally failed to show that fact by proof on the trial. The will under which Miss Foster was entitled was not produced on the trial, and the character of the provision therein for her benefit, and the times and manner of the payments to be made to her, do not appear. If the defendant, who is a debtor of Miss Foster, desired to avail himself of the defence that the plaintiff, as receiver, was endeavoring to obtain property to which he was not entitled, it was his duty to place the facts constituting such defence before the court, and not leave it to inference. The question was not whether the defendant received the money after the proceedings were commenced, and before the order appointing the receiver was made, but whether the money received by the defendant, at any time before the commencement of this action, belonged to Miss Foster at the time the supplementary proceedings were commenced. The view

thus expressed of the second objection is predicated of the proposition that the receiver acquires title only to the property belonging to the judgment debtor at the time proceedings supplementary are commenced against him. Judge INGRAHAM, in *Stewart* v. *Foster*, (1 Hilton, 505), stated that proceedings supplementary were "limited to reaching the defendant's property in his possession, or in the possession of others and conceded to belong to him when the order is obtained," and this principle was. also applicable to creditors' bills prior to the Code. *Caton* v. *Southworth*, 13 Barb. 337; *McCormick* v. *Kehoe*, 7 Legal Obs. 184; *Browning* v. *Bettis*, 8 Paige, 568; 2 Barb. Ch. Pr. 153; *McCam* v. *Dorsheimer*, 1 Clarke, 144; *Campbell* v. *Foster*, 16 How. P. R. 275.

But a creditor's bill was held to reach the rents and profits of. the debtor's real estate, sold upon execution, for the fifteen months' possession after the sale to which he was entitled by law. *Farnham* v. *Campbell*, 10 Paige, 598. And also to reach an annuity given by will in lieu of dower. *Degraw* v. *Classon*, 11 Paige, 136.

The income of the fund provided by the will of the debtor's father, was the property of the debtor at the time of the commencement of supplementary proceedings, and, so far as it had accumulated on that day, could, under the authorities stated, be arrested and applied to the payment of the judgment against her on which such proceedings were based. A mere possibility could not be reached, (*Smith* v. *Kearney*, 2 Barb. Ch. R. 533), nor a salary not yet earned; but a salary earned before the filing of the bill, *though not payable*, could be reached. *Browning* v. *Bettis*, 8 Paige, 568.

If the defendant had shown that a part of the sum received by Mr. Hoguet, and paid over to him, was not due on the 15th April, 1857, we might, under the decision of this court at general term, (*supra*), have felt constrained to deduct so much of such income as had not accrued on that day.

For these reasons I think the second objection was not well taken, and that the judgment should be affirmed. The questions involved, aside from those herein considered, were ques-

tions of fact for the referee, and his finding seems to be correct. Upon the argument, by consent, an application was entertained for a new trial on newly discovered evidence, and the discovery consists of an alleged payment made by the defendant, for or on account of Miss Foster, which he had overlooked when he testi· fied before the referee. It is sufficient to say, in reference to that, that knowledge of the payment could have been acquired by the defendant with reasonable diligence. If he had made the proper preparation for his defence, the item would not have been omitted. The case of *The People* v. *Superior Court of New York* (10 Wend. 285,) is conclusive upon the question presented. See also *Leavy* v. *Roberts, ante,* p. 285. The application must be denied.

Judgment affirmed.