ALMON W. GRISWOLD, Appellant, *against* HENRY TOMPKINS,. Respondent.

(Decided June 4th, 1877.)

Where it appears in supplementary proceedings that personal property in the possession of the judgment debtor and belonging to him, has been mortgaged by him to another, by a chattel mortgage payable on demand, a judge before whom the proceedings are had, cannot order the debtor to deliver the property to a receiver appointed by him.

Where after the appointment of a receiver in supplementary proceedings personal property belonging to the judgment debtor, and in his possession, is levied on under an execution against his property, the judgment debtor cannot be ordered to deliver the property to the receiver, but the receiver must be left to his action against the sheriff seizing it to recover it from him.

APPEAL from an order of the general term of the Marine Court of the city of New York, affirming an order made by a. judge of that court at chambers, denying a motion for an attachment against the defendant for an alleged contempt in failing to obey an order directing him to deliver certain property to a receiver appointed in supplementary proceedings against him.

On May 15th, 1876, an order was granted by Justice McAdam, requiring the defendant to appear before him and be examined in supplementary proceedings, based on a judgment entered in said court in favor of the plaintiff, against the defendant, on which execution had been issued and returned unsatisfied, and a transcript whereof had been duly filed in the office of the clerk of New York city and county.

The defendant was afterwards examined, and disclosed certain property in his possession on which, however, he claimed there was a demand mortgage to his mother, whereupon, on plaintiff's application, an order was made by the court, at special term, appointing a receiver, to whom defendant was ordered to deliver the disclosed property. The receiver demanded the property of the defendant, who declined to comply with the demand.

Subsequently to the entry of the order appointing the receiver, and before he made the demand, the sheriff levied on all the property in question under an execution in his hands issued on a judgment in favor of a third party, which levy was in full force at the time the demand of the receiver was made.

On the foregoing facts, the plaintiff moved for an attachment against defendant for contempt, which was denied.

Plaintiff appealed to the general term of the Marine Court, which affirmed the order.

*Charles Lee Clarke*, for appellant.

*George Tompkins*, for respondent.

CHARLES P. DALY, Chief Justice.—There may be some doubt whether an appeal will lie in this case, but I do not propose to examine the question, as it is one of some difficulty, because, assuming that it would lie, there would be no ground whatever for reversing the order of the general term of the Marine Court.

The defendant in his examination, in supplementary proceedings, testified that the property specified by him, a watch, chain, and office furniture, was mortgaged to his mother.

This property Judge McAdam had no authority to order him to deliver to the receiver, as the defendant's mother was no party to the proceedings, and there was no equitable authority in the judge to divest her of her title to the property as mortgagee. To reach it, the receiver would have to bring an action, making her a party, if the mortgage was fraudulent, which it may have been, as the property was left in the possession of the mortgagor. The defendant also disclosed upon his examination that he had some law books, and a few miscellaneous books at his boarding house, and it further appeared, on the motion for the attachment, that he had, about eight months before his examination, executed chattel mortgages to his mother of his law books, both of which mortgages were on file. Under these circumstances, Chief Justice Shea

very properly denied the motion to attach the defendant for refusing to deliver the property to the receiver, and the general term was right in affirming his decision. (*Gardner* v. *Smith*, 29 Barb. 68.)

In addition to this, when the demand was made upon the defendant to deliver this property to the receiver, it had been levied upon by an execution, issued upon a judgment recovered against the defendant by another creditor, and was not, therefore, in the defendant's custody, but in the custody of the sheriff under that execution, and the receiver's remedy, if he had any, was against the sheriff who held it adversely to the receiver's title.

The affirmance of the order denying the motion for attachment, being in my judgment right, I deem it unnecessary to consider the other questions discussed, viz: 1st. Whether the appeal will lie; 2d. Whether supplemental proceedings can be had in the Marine Court, where a transcript of the judgment is filed with the county clerk; and 3d. Whether the order directing the delivery of the property, being an order of the Marine Court, was valid; this proceeding being a proceeding before a judge out of court, and not a proceeding in court. (*Bitting* v. *Vandenburgh*, 17 How. Pr. 81.)

ROBINSON and LARREMORE, JJ., concurred in the result.

Order affirmed.