JOHN McGIVNEY, APPELLANT, *v.* JEFFERSON L. CHILDS, RESPONDENT.

*Supplementary proceedings — an order forbidding a debtor to dispose of his property only applies to property then owned by him — the proceeds of sale of exempt property are not affected by it.*

Upon the hearing of a motion to punish the defendant for contempt in violating an order, made in supplementary proceedings forbidding him from transferring or disposing of his property not exempt from execution, it appeared that on October seventeenth, the day when the order was served, he had two horses of the value of $225, which, with three cows owned by him, were mortgaged to one Russell. On November twelfth the defendant, with the consent of the mort-

gagee, traded one of the horses for another horse, eighty dollars in money and a note for fifteen dollars. Before November twentieth he paid on a debt owing to the mortgagee, but not secured by the mortgage, eighty-three dollars and sixty-five cents in money and the note, which was received as cash.

*Held,* that this payment was not a violation of the injunction order, as the money and note were acquired subsequently to the time of the service of the order, and not being owned by the debtor at that time the order did not apply to them.

*Held,* further, that the injunction order did not apply to the money and note in the hands of the judgment debtor, for the reason that they were the proceeds of property sold by him, which, as appeared from his affidavits, were exempt from execution, as such exemption attached to such proceeds for a reasonable time.

APPEAL from an order made by the county judge of Erie county, denying a motion in supplementary proceedings to punish defendant for an alleged contempt.

*Charles F. Witcher,* for the appellant.

*Barnes & Knight,* for the respondent.

SMITH, P. J.:

The plaintiff, a judgment creditor of the defendant, instituted supplementary proceedings against the latter, under section 2435 of the Code of Civil Procedure, and obtained therein an order forbidding the defendant from transferring or disposing of his property not exempt from execution. The order was served upon the defendant on the 17th of October, 1885. At that time the defendant had two horses of the value of $225, which, with three cows owned by him, were mortgaged to one Russell. On the twelfth of November following, the defendant, with the consent of the mortgagee, traded one of the horses, a sorrel, for a bay horse, eighty dollars in money and a note for fifteen dollars. Subsequently, and before the twentieth of that month, he paid on a debt that he was owing to the mortgagee, but which was not secured by the mortgage, the sum of eighty-three dollars and sixty-five cents in money, and the note for fifteen dollars, which the creditor received as cash.

The plaintiff contended before the county judge, and now contends, that such payment was a violation of the injunction order, and rendered the defendant liable to be punished for a contempt. We think the county judge was right in deciding adversely to that contention. The money and the note were acquired subsequently

to the service of the order, and not being owned by the debtor at that time, the order did not apply to them. This holding accords with numerous decisions under the old Code. (*Potter* v. *Low*, 16 How. Pr., 549; *Campbell* v. *Genet*, 2 Hilt., 290; *Graff* v. *Bonnett*, 25 How. Pr., 470; *Caton* v *Southwell*, 13 Barb., 335.) We do not understand that the rule has been changed by the present Code. (See Code Civil Pro., § 2469, and Throop's note to same.)

Furthermore, the injunction order in this case did not apply to the money and note in the hands of the judgment debtor, for the reason that they were the proceeds of property sold by him, which was exempt from execution, and the exemption attached to such proceeds for a reasonable time. (*Tillotson* v. *Wolcott*, 48 N. Y., 188.) The affidavit, read in opposition to the plaintiff's motion, shows that the defendant had a family dependent on him for support, and that the team, of which the sorrel horse was one, was necessary to him in his business. The horse, consequently, was exempt. (Code Civil Pro., § 1391.)

The order should be affirmed, with ten dollars costs and disbursements.

BARKER, HAIGHT and BRADLEY, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.