EDMOND STEWARD, APPELLANT, v. GEORGE W. COLE, RESPONDENT.

*Chattel mortgage—a failure to refile a copy does not render it void as against a receiver of the mortgagor.*

A failure to refile a true copy of a chattel mortgage, together with a statement exhibiting the interest of the mortgagee in the property, within the thirty days next preceding the expiration of a year from the time of the filing of the original, does not render the mortgage void as to the mortgagor, nor as to a receiver appointed in supplementary proceeding instituted upon a judgment recovered against him after the expiration of the year, and before any copy had been refiled.

*Gardner* v. *Smith* (29 Barb., 68) followed ; *Clark* v. *Gilbert* (10 Daly, 316) distinguished.

APPEAL from a judgment of the Cattaraugus County Court, reversing the judgment of a Justice's Court in favor of the plaintiff.

*Charles Z. Lincoln*, for the appellant.

*P. B. Coxe*, for the respondent.

HAIGHT, J. :

This action was brought to recover the possession of a pair of oxen. Plaintiff claimed the property by virtue of a chattel mortgage executed by Horace B. Brown, September 22, 1884, to secure the payment of $500 in one year from the date thereof. The defendant claimed the property as the receiver of Brown, appointed in supplementary proceedings upon a judgment. The mortgage was filed September 22, 1884, and the money for which the mortgage was given as a collateral security became due on the 22d day of September, 1885, and was not paid. The mortgage was not refiled until October 19, 1885 On the 23d of September, 1885,

the order for the examination of Brown, the judgment debtor, was served, and the defendant was appointed receiver November second and took possession of the oxen on November seventeenth thereafter.

The question presented upon this appeal is whether or not the mortgage is void as to the receiver, by reason of its not having been refiled within the time prescribed by the statute. The statute provides that every mortgage or conveyance intended to operate as a mortgage of goods and chattels, which shall not be accompanied by immediate delivery, etc., shall be absolutely void as against the creditors of the mortgagor, and as against subsequent purchasers and mortgagees in good faith, unless the mortgage or a true copy thereof shall be filed as directed by the statute; and that every mortgage filed shall cease to be valid as against the creditors of the mortgagor, or against subsequent purchasers or mortgagees in good faith, after the expiration of one year from the filing thereof, unless within thirty days next preceding the expiration of the year a true copy of the mortgage, together with a statement exhibiting the interest of the mortgagee in the property, shall be again filed. (2 R. S. [2d ed.], 71, §§ 9 and 11.)

It will thus be observed that the failure to refile the mortgage renders it void as to the creditors and subsequent purchasers or mortgagees in good faith. It is not void as to the mortgagor. As to him, the mortgage remains of full force and effect, even though it was never filed. Under the Code, a receiver, when appointed and qualified, is vested with the preperty of the judgment debtor from the time of filing the order appointing him, and, where the appointment was made in proceedings supplementary to an execution, his title to personal property relates back to the time the special proceeding was instituted. The receiver becomes vested with all the rights and property of the judgment debtor. (*Pettibone* v. *Drakeford*, 37 Hun, 628.)

In the case under consideration the receiver acquired the same interest in the mortgaged property that Brown had. He took the title as a trustee, commissioned to dispose of it and pay the judgment creditor. The receiver was not a creditor, and did not stand in the place of one. His rights and duties were entirely different. The plaintiff was not bound to keep his mortgage filed as against the receiver any more than he was against the mortgagor, and

inasmuch as the mortgage was valid as against the mortgagor, it was also valid as against the receiver. The debt of the mortgagor was past due. The plaintiff had the right at any time to take the mortgaged property into his possession, and no one but a creditor or subsequent purchaser or mortgagee in good faith had the right to interfere. (*Gardner* v. *Smith,* 29 Barb., 68; *Niagara Co. Nat. Bank* v. *Lord,* 33 Hun, 557, 564; *Dubois* v. *Cassidy,* 75 N. Y., 298; *Tinkey* v. *Langdon,* 13 Weekly Dig., 384; *Campbell* v. *Genet,* 2 Hilt., 290.)

. We are aware that the case of *Clark* v. *Gilbert* (10 Daly, 316) is, in some respects, in conflict with the views as above expressed. The case, however, is distinguishable from the one under consideration, and it does not attempt to disprove of the doctrine promulgated in the case of *Gardner* v. *Smith* (*supra*), which we regard as controlling in this case. The judgment creditor had the right to issue an execution and levy upon the oxen in question, and had he done so after the expiration of the year, and before the mortgage had been refiled, his right to sell would have been unquestioned. (*Ely* v. *Carnley,* 19 N. Y., 496; *Fraser* v. *Gilbert,* 11 Hun, 634; *Steele* v. *Benham,* 84 N. Y., 634.) But having failed to make such levy, his remedy is gone. No claim of fraud is made on the part of the mortgagor or mortgagee, and consequently the case is not brought within the provisions of chapter 314, Laws of 1858.

The judgment of the County Court should be reversed, and that of the Justice Court affirmed.

BRADLEY and ANGLE, JJ., concurred.

Judgment of the County Court reversed and that of the justice affirmed.